## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL GENDUSA AND** | * | **CIVIL ACTION NO.: 2:23-cv-02863** |
| **MELANIE ZITO** | | |
| | | |
| **versus** | * | **SECTION: "H"** |
| | | **DISTRICT JUDGE** |
| | | **JANE TRICHE MILAZZO** |
| | | |
| **DOVER BAY SPECIALTY** | * | **MAG.: "1"** |
| **INSURANCE COMPANY** | | **MAGISTRATE JUDGE** |
| | | **JANIS VAN MEERVELD** |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes defendant, **Dover Bay Specialty Insurance Company** ("Dover Bay"), who files this Answer and Defenses and, in support of same, states as follows:

Answering the severally numbered articles of the complaint of Plaintiffs, Michael Gendusa and Melanie Zito, Dover Bay respectfully avers as follows:

### PARTIES

#### 1.

Dover Bay does not dispute the allegations of paragraph 1 as written.

#### 2.

Dover Bay admits that it is a foreign insurance company licensed to do and doing business in the State of Louisiana.

### JURISDICTION AND VENUE

#### 3.

Dover Bay denies the allegations of paragraph 3 as written. Dover Bay does not contest jurisdiction.

4.

Dover Bay denies the allegations of paragraph 4 as written. Dover Bay denies it is liable to Plaintiff for either contractual or statutory damages.

5.

Dover Bay denies the allegations of paragraph 5 as written. Dover Bay does not contest venue.

6.

Dover Bay denies the allegations of paragraph 6 as written. Dover Bay does not contest that this court has personal jurisdiction.

7.

Dover Bay denies the allegations of paragraph 7 as written. Dover Bay does not contest that this court has subject matter jurisdiction.

**FACTUAL BACKGROUND**

8.

Dover Bay denies the allegations of paragraph 8 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

9.

Dover Bay denies the allegations of paragraph 9 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including

its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

10.

Dover Bay denies the allegations of paragraph 10 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

11.

Dover Bay denies the allegations of paragraph 11 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

12.

Dover Bay denies the allegations of Paragraph 12 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

13.

Dover Bay denies the allegations of Paragraph 13 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover

Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

14.

Dover Bay denies the allegations of Paragraph 14 as written. State Farm admits that Hurricane Ida made landfall on or about August 29, 2021.

15.

Dover Bay denies the allegations of Paragraphs 15 as written. State Farm admits that Hurricane Ida made landfall on or about August 29, 2021.

16.

Dover Bay denies the allegations of Paragraph 16 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith.

17.

Dover Bay denies the allegations of paragraph 17 as written. State Farm admits that Hurricane Ida made landfall on or about August 29, 2021.

18.

Dover Bay denies the allegations of Paragraph 18 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy.

19.

Dover Bay denies the allegations of Paragraph 19 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith.

20.

Dover Bay denies the allegations of Paragraph 20 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith.

21.

Dover Bay denies the allegations of Paragraph 21 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy.

22.

Dover Bay denies the allegations of Paragraph 22 as written. Dover Bay admits that La. R.S. § 22:1892 impose certain statutory duties on Dover Bay and admits the statutes are the best evidence of the same and denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

23.

Dover Bay denies the allegations of Paragraph 23 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy.

24.

Dover Bay denies the allegations of Paragraph 24 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

25.

Dover Bay denies the allegations of Paragraph 25 as written. Dover Bay admits Louisiana Law imposes certain statutory duties on Dover Bay and admits the statutes are the best evidence of the same and denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

26.

Dover Bay denies the allegations of Paragraph 26 as written. Dover Bay admits La. R.S. § 22:1892 imposes certain statutory duties on Dover Bay and admits the statutes are the best evidence of the same and denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

27.

Dover Bay denies the allegations of Paragraph 27 as written. Dover Bay admits La. R.S. § 22:1892 imposes certain statutory duties on Dover Bay and admits the statutes are the best evidence of the same and denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

28.

Dover Bay denies the allegations of Paragraph 28 as written. Dover Bay admits La. R.S. § 22:1973 imposes certain statutory duties on Dover Bay and admits the statutes are the best

evidence of the same and denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

29.

Dover Bay denies the allegations of Paragraph 29 as written. Dover Bay admits La. R.S. § 22:1973 imposes certain statutory duties on Dover Bay and admits the statutes are the best evidence of the same and denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

30.

Dover Bay denies the allegations of Paragraph 30 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

31.

Dover Bay denies the allegations of Paragraph 31 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

32.

Dover Bay denies the allegations of Paragraph 32 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

33.

Dover Bay denies the allegations of Paragraph 33 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

34.

Dover Bay denies the allegations of Paragraph 34 as written. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

35.

Dover Bay denies the allegations of Paragraph 30 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

36.

Dover Bay denies the allegations of Paragraph 36 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

37.

Dover Bay denies the allegations of Paragraph 37 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

38.

Dover Bay denies the allegations of Paragraph 38 as written. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

39.

Dover Bay denies the allegations of Paragraph 39 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

## **BREACH OF CONTRACT**

40.

Dover Bay denies the allegations of Paragraph 40 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith. Dover Bay admits that it inspected the property and has indemnified Plaintiff for the losses for which Dover Bay has received satisfactory proof of loss and for which were covered losses under the Dover Bay policy. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

41.

Dover Bay denies the allegations of Paragraph 41 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith.

42.

Dover Bay denies the allegations of Paragraph 42 as written, except to admit that it issued a policy of insurance to Plaintiff which was in force and in effect at the time of the incident. Dover Bay avers that the policy, which is a written contract, is the best evidence of its contents, including its coverage, exclusions, and conditions. Dover Bay denies everything at variance therewith.

## STATUTORY DAMAGES, PENALTIES, ATTORNEY'S FEES, AND COSTS

43.

Dover Bay denies the allegations of Paragraph 43 as written. Dover Bay admits La. R.S. § 22:1892 and § 22:1973 imposes certain statutory duties on Dover Bay and admits the statutes are the best evidence of the same and denies everything at variance therewith. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

44.

Dover Bay denies the allegations of Paragraph 44 as written. Dover Bay denies that it is liable to Plaintiff for either contractual or statutory damages.

## JURY TRIAL

45.

Dover Bay denies the allegations of Paragraph 45 as written.

## PRAYER

46.

Dover Bay denies that Plaintiff is entitled to the relief sought in their prayer for relief, found in the 'WHEREFORE" paragraph immediately following paragraph 45. Furthermore, the allegations of any unnumbered or misnumbered paragraphs are denied out of an abundance of caution.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The claims asserted in the Petition for Damages are based on a contract of insurance between Dover Bay and Michael Gendusa. Dover Bay avers that the policy issued to Michael Gendusa, being a written contract, is the best evidence of the terms, conditions, exclusions, and limitations contained therein, all of which are pled as if copied herein in their entirety.

### SECOND DEFENSE

Dover Bay avers that the insurance policy at issue excludes the following losses:

### SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

   . . . .

   f.  Seepage or leakage of water, steam, or sewage that occurs or develops over a period of time:

      (1) And is:

         (a) Continuous

         (b) Repeating;

         (c) Gradual;

         (d) Intermittent;

    (e) Slow; or

    (f) Trickling; and

(2) From a:

    (a) Heating, air conditioning, or automatic fire protective sprinkler system;

    (b) Household appliance;

    (c) Plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings, or floors

*We* also will not pay for losses arising from condensation or the presence of humidity, moisture, or vapor that occurs or develops over a period of time;

## THIRD DEFENSE

Dover Bay avers that the insurance policy at issue also excludes the following losses:
## SECTION I – LOSSES NOT INSURED

2.    We will not pay for, under any part of this policy, any loss that would not have occurred in the absence of one or more of the following excluded events. We will not pay for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or external forces, or occurs as a result of any combination of these:

    **b.**    **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

    **(3) sinkhole or subsidence;**

    **(5) erosion**

. . . .

    c.    **Water**, meaning:

        (1)    Flood;
        (2)    surface water. This does not include water solely caused by the release of water from a swimming pool, spigot, sprinkler system, hose, or hydrant;
        (3)    waves (including tidal wave, tsunami, and seiche;
        (4)    tides or tidal water;

(5)     overflow of any body of water (including any release, escape, or rising of any body of water, or any water held, contained, controlled, or diverted by a dam, levee, dike, or any type of water containment, diversion, or flood control device);

(6)     spray or surge from any of the items c.(1) through c.(5) described above, all whether driven by wind or not;

(7)     water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water or sewage that enters into and overflows from within a sump pump, sump pump well, or any other system designed to remove subsurface water that is drained from the foundation area;

(8)     water or sewage below the surface of the ground, including water or sewage that exerts pressure on, or seeps or leaks through a building structure, sidewalk, driveway, swimming pool, or other structure; or

(9)     material carried or otherwise moved by any of the water or sewage, as described in items c.(1) through c.(8) above.

. . . .

d.     **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.. . . .

g.     ***Fungus***, including:

(1)     any loss of use or delay in rebuilding, repairing, or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair, or replacement, by **fungus**;

(2)     any remediation of **fungus**, including the cost to:

(a)     remove the **fungus** from covered property or to repair, restore, or replace that property; or

(b)     tear out and replace any part of the building structure or other property as needed to gain access to the **fungus**; or

(3)     the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of **fungus**, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

3.     We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraph 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

a.     conduct, act, failure to act, or decision of any person, group, organization, or governmental body whether intentional, wrongful, negligent, or without fault;

13

b.      defect, weakness, inadequacy, fault, or unsoundness in:

(1)     planning, zoning, development, surveying, or siting;

(2)     design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3)     materials used in repair, construction, renovation, remodeling, grading, or compaction; or

(4)     maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

c.      weather conditions.

## **FOURTH DEFENSE**

Dover Bay avers that the insurance policy at issue states the following:
### **SECTION I – LOSS SETTLEMENT**

## **COVERAGE A – DWELLING**

1.      We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the ***Declarations***, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

a.      until actual repair or replacement is completed, ***we*** will pay only the ***actual cash value*** of the damaged part of the property, up to the applicable limit of liability shown in the ***Declarations,*** not to exceed the cost to repair or replace the damaged part of the property.

b.      when the repair or replacement is actually completed, ***we*** will pay the covered additional amount ***you*** actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the ***Declarations***, whichever is less;

c.      to receive any additional payments on a replacement cost basis, ***you*** must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify ***us*** within 30 days after the work has been completed; and

d.      we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a building structure or other structure, except as provided under OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law. Wood Fences: ***We*** will

14

pay the ***actual cash value*** at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the ***Declarations*** for COVERAGE A – DWELLING EXTENSION.

### FIFTH DEFENSE

Dover Bay avers that the insurance policy at issue states the following:
### SECTION I – LOSS SETTLEMENT

. . . .

## COVERAGE B – PERSONAL PROPERTY

1.  We will pay the cost to repair or replace property covered under SECTION I – PROPERTY COVERAGES, COVERAGE B – PERSONAL PROPERTY with property of like kind and quality, except for property listed in item 2. below, subject to the following:
    a.  until repair or replacement is completed, we will pay only the actual cash value of the damaged property;
    b.  after repair or replacement is completed, we will pay the difference between the actual cash value and the cost you have actually and necessarily spent to repair or replace the property; and
    c   if property is not repaired or replaced within two years after the date of loss, we will pay only the actual cash value.

2.  ***We*** will pay market value at the time of loss for:

    a.  antiques, fine arts, paintings, statuary, and similar articles which by their inherent nature cannot be replaced with new articles;
    b.  articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs, and collectors items; and
    c.  property not useful for its intended purpose.

    However, *we* will not pay an amount exceeding the smallest of the following for items 1. and 2. above:
    a.  our cost to replace at the time of loss;
    b.  the full cost of repair;
    c.  any special limit of liability described in this policy; or
    d.  any applicable Coverage B limit of liability.

### SIXTH DEFENSE

Dover Bay avers that the insurance policy at issue states the following:

### SECTION I – CONDITIONS

. . . .

15

2.    **Your Duties After Loss**. After a loss to which this insurance may apply, you must cooperate with us in the investigation of the claim and also see that the following duties are performed:

. . . .

b.    protect the property from further damage or loss and also:

(1) make reasonable and necessary temporary repairs required to protect the property; and
(2) keep an accurate record of repair expenses;

c.    prepare an inventory of damaged or stolen personal property:

(1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
(2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;

d.    as often as we reasonably require:

(1) exhibit the damaged property;

(2) provide us with records and documents we request and permit us to make copies;

(3) while not in the presence of any other insured:

(a) give statements; and

(b) submit to examinations under oath; and

(4) produce employees, members of the ***insured's*** household, or others for examination under oath to the extent it is within the ***insured's*** power to do so; and

e.    submit to us, within 60 days after the loss, ***your*** signed, sworn proof of loss that sets for to the best of ***your*** knowledge and belief:

(1) the time and cause of loss;
(2) interest of the insured and all others in the property involved and all encumbrances on the property;
(3) other insurance which may cover the loss;
(4) changes in title or occupancy of the property during the term of this policy;
(5) specifications of any damaged building and detailed estimates for repair of the damage;
(6) an inventory of damaged or stolen personal property described in 2.c.;

(7) receipts for additional living expenses incurred and records supporting the fair rental value loss and

(8) evidence or affidavit supporting a claim under **SECTION I – ADDITIONAL COVERAGES, Credit Card, Bank Fund Transfer Card, Forgery, and Counterfeit Money** coverage, stating the amount and cause of loss. . . . .

However, if loss arises due to a catastrophic event for which a state of disaster or emergency is declared pursuant to law by civil officials, and the covered property is located in an area within the declaration, you must submit the proof of loss to us within 180 days; but this 180 day period does not commence as long as the declaration of disaster or emergency is in existence and civil authorities are denying you access to your property.

## **SEVENTH DEFENSE**

Dover Bay avers that the insurance policy at issue states the following:

## **SECTION I –COVERAGES**

. . . .

## **COVERAGE C – LOSS OF USE**

1.    Additional Living Expense. When a ***loss insured*** causes the residence premises to become uninhabitable, ***we*** will pay the reasonable and necessary increase in cost incurred by an insured to maintain their normal standard of living for up to 24 months. Our payment is limited to incurred costs for the shortest of:

   a.    the time required to repair or replace the premises;

   b.    the time required for your household to settle elsewhere; or

   c.    24 months.

. . . .

3.    **Prohibited Use**. ***We*** will pay Additional Living Expense and Fair Rental Value, for a continuous period not to exceed two weeks, beginning when a civil authority issues an order of evacuation or prohibits your use of the residence premises, provided that

   a.    direct physical damage occurs to any property, other than covered property located on the ***residence premises***, arising from a cause of loss that would be a ***loss insured*** under this policy if the damage had occurred to the property on the ***residence premises***;

   b.    the ***residence premises*** is within one mile of property damaged by a cause of loss identified in 3.a. above; and

   c.    the action of the civil authority is taken in response to:

(1)      dangerous physical conditions resulting from the continuation of the cause of loss identified in 3.a. above;

(2)      dangerous physical conditions resulting from the damaged caused by the cause of loss identified in 3.a. above; or

(3)      the need to gain free access to property damaged by the cause of loss identified in 3.a. above.

We do not cover for loss or expense due to cancellation of a lease or agreement.

## EIGHTH DEFENSE

Should it be found that the damages sought by Plaintiff were caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, Dover Bay pleads the "other insurance" provisions of the applicable Dover Bay insurance policy.

## NINTH DEFENSE

Dover Bay avers that Plaintiff have not been damaged as a result of any alleged wrongdoing on the part of Dover Bay or any of its agents or representatives.   If Plaintiff has suffered any damage, as alleged, such damage was caused in whole or in part by the action(s) of Plaintiff and/or third parties for whom Dover Bay is not responsible.

## TENTH DEFENSE

Dover Bay had no general or specific duties to Plaintiff under the facts alleged in Plaintiff's Complaint. Further, assuming arguendo that Dover Bay had general and/or specific duties to the insureds under the facts alleged, no such duties were breached.

## ELEVENTH DEFENSE

Dover Bay avers that if any of the Plaintiff's damages are the result of a failure by Plaintiff's to take reasonable steps to mitigate the loss, those damages are not recoverable.

## TWELFTH DEFENSE

To the extent that Plaintiff has already received any payments from Dover Bay for their losses, Dover Bay avers that those payments were appropriate, that Plaintiff has already been paid

everything that they are owed under this insurance policy, and in the event of a further judgment in favor of Plaintiff, Dover Bay claims a credit and/or a set-off of all amounts previously paid.

## THIRTEENTH DEFENSE

Plaintiff did not and cannot rely on any alleged misrepresentations of Dover Bay and, as a matter of law, Plaintiff have no cause of action for any alleged detrimental reliance upon any such alleged misrepresentation. Plaintiff is presumed to know the terms and conditions of their insurance policy.

## FOURTEENTH DEFENSE

Plaintiff's recovery pursuant to the policy issue, if any, is limited to any previously uncompensated losses covered by such policy. Plaintiff may not recover for losses previously compensated under any policy providing insurance, and Dover Bay reserves the right to seek an offset for such payments.

## FIFTEENTH DEFENSE

Dover Bay adjusted Plaintiff's claim in good faith, and in accordance with the terms and conditions of the applicable Dover Bay Insurance policy, and in compliance with applicable statutory jurisprudential law.

## SIXTEENTH DEFENSE

Plaintiff has no statutory or jurisprudential right of action to recover attorney's fees or penalties under the facts of this case.

## SEVENTEENTH DEFENSE

The complaint is vague and ambiguous and calls for a more definitive statement of the causes of action and damages sought therein.

**EIGHTEENTH DEFENSE**

To the extent that Plaintiff allege that Dover Bay or any of its agents or representatives made misrepresentations or misled them about coverage for Plaintiff's damages or the scope of the policy's conditions and exclusions, Plaintiff was in possession of clear policy language indicating such damage was excluded. The insured is responsible for reading the policy and are presumed to know its terms, such that Plaintiff could not justifiably rely on any alleged misrepresentation of Dover Bay or its agents or representatives about the types of coverage they had when they were in possession of a policy which made clear indication to the contrary.

**NINETEENTH DEFENSE**

Although Dover Bay denies that Dover Bay, in any manner, breached its contractual or statutory duties to Plaintiff, should Plaintiff establish a breach of contract and/or violations of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

**TWENTIETH DEFENSE**

Should it be shown that Plaintiff has made any material misrepresentations in connection with their claim for recovery of damages under the Dover Bay policy, Dover Bay pleads such representations are in violation of terms and conditions of said policy, thereby voiding coverage and any obligation thereunder, pursuant to the terms and conditions of said policy, which are pled as if copied in its entirety.

**TWENTY-FIRST DEFENSE**

To the extent that Plaintiff was insured under a flood insurance policy and received payment pursuant to such policy for such losses, Plaintiff is estopped from asserting a claim that any losses previously compensated under their flood insurance policy.

### TWENTY-SECOND DEFENSE

Plaintiff is responsible for reading their policy, as well as any renewal notices, and are presumed to know the provisions of the policy, including but not limited to the insurer's limit of liability, and may not avail themselves of ignorance of the policy or law.

### TWENTY-THIRD DEFENSE

Plaintiff's recovery under the policy is limited to the applicable policy limits reflected on the declarations page of the policy.

### TWENTY-FOURTH DEFENSE

Plaintiff's policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that the Plaintiff has breached these provision(s), any alleged coverage is precluded under the Dover Bay policy and are pled herein as if copied in full.

### TWENTY-FIFTH DEFENSE

The comparative fault and/or negligence of Plaintiff, including but not limited to the failure to review the terms of the coverage, the failure to properly communicate to Dover Bay, the Dover Bay agent, and the failure to act as prudent persons under the circumstances, diminishes or bars Plaintiff's recovery herein.

### TWENTY-SIXTH DEFENSE

Plaintiff has knowledge of what coverage they had, if not upon signing the application for coverage, then upon receipt of the premium notice, declaration page, and/or renewal certificate for every year thereafter.

### TWENTY-SEVENTH DEFENSE

Should it be found that the damages sought by Plaintiff was caused in part by a covered cause of loss and that any other insurance provides coverage for that covered cause of loss, Dover Bay pleads the "other insurance" provisions of the applicable Dover Bay insurance policy.

## TWENTY-EIGHTH DEFENSE

Dover Bay avers the affirmative defense of prescription and/or preemption.

## TWENTY-NINTH DEFENSE

Dover Bay avers that Plaintiff's claims are premature.

## THIRTIETH DEFENSE

Dover Bay avers the affirmative defense of want of amicable demand.

## THIRTY-FIRST DEFENSE

To the extent that the Plaintiff has received insurance benefits pursuant to a flood policy for damages to structures and contents, the Plaintiff is estopped from alleging the same and/or similar losses are caused by wind damage.

## THIRTY-SECOND DEFENSE

Dover Bay pleads the following limitations, condition and exclusion as to Section I-Conditions are applicable:

## SECTION I – CONDITIONS

13.   **Assignment of Claim**. Assignment to another party of any of *your* rights or duties under this policy regarding any claim, or any party of any claim, whether the assignment was made prior to or after the loss, will be void. *We* will not recognize any assignment, unless *we* give *our* written consent. However, once *you* have complied with all policy provisions, *you* may assign to another party, in writing, payment of claim proceeds otherwise payable to *you.*

## THIRTY-THIRD DEFENSE

Should it be determined that the damages that Plaintiff is seeking were pre-existing or the result of a prior loss or claim, said losses are not recoverable, and/or serve as a bar and/or diminution to Plaintiff's recovery under the policy for this claim.

## JURY TRIAL REQUEST

Dover Bay requests a trial by jury as to all parties and issues herein that are triable to a jury.

## RESERVATION OF RIGHTS

Dover Bay gives notice that it intends to invoke any other defenses that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

**WHEREFORE**, Dover Bay prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Dover Bay and against Plaintiffs, Michael Gendusa and Melanie Zito, dismissing the complaint with prejudice and at Plaintiffs' costs, and for all general and equitable relief.

Respectfully submitted,

*/s/ Wm. Ryan Acomb*
**WM. RYAN ACOMB (16780)**
**Email: racomb@phjlaw.com**
**SAMUEL P. MARTIN (39971)**
**Email: smartin@phjlaw.com**
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130-3774
Telephone:  (504) 581-3838
**Counsel for Defendant,** *Dover Bay Specialty Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on December 11, 2023, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

*/s/ Wm. Ryan Acomb*
Wm. Ryan Acomb
Samuel P. Martin
